```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

```
ARCADIA TOWERS LLC. et al.,     :
                                :
          Plaintiffs,           :    NO:  1:10-CV-00585
                                :
     v.                         :
                                :    OPINION AND ORDER
COLERAIN TOWNSHIP BOARD OF      :
ZONING APPEALS, et al.,         :
                                :
          Defendants.           :
```

This matter is before the Court on the parties' cross motions for summary judgment: Defendants' Motion for Partial Summary Judgment (doc. 26), Plaintiffs' Response (doc. 29), and Defendants' Reply (doc. 31); and Plaintiffs' Motion for Summary Judgment (doc. 27), Defendants' Response (doc. 28), and Plaintiffs' Reply (doc. 30). The Court held a hearing on this matter on June 1, 2011. For the reasons indicated herein, the Court GRANTS Defendants' motion and dismisses this matter from the docket.

I. Background

This case involves a dispute over a zoning permit for a communications tower "Monopole" that Plaintiffs wish to place on property in Colerain Township, Ohio. Plaintiffs are suing the Colerain Township Board of Zoning Appeals, the Township, and its Trustees, under the Telecommunications Act of 1996, claiming the denial of approval of a zoning permit violates federal law.[1]

---

[1] Plaintiffs have agreed to dismiss their claims pursuant to 47 U.S.C. § 332 and 42 U.S.C. § 1983.

Plaintiffs further seek to challenge the zoning decision as unsupported by substantial evidence.  Specifically, Plaintiffs challenge the propriety of the zoning board hearing layperson testimony against the placement of the tower, as well as testimony of an expert, whom they challenge as unqualified under Daubert.

Defendants claim that under FCC regulations, Plaintiffs do not qualify to have standing under the Telecommunications Act, ("TCA") because Plaintiffs intend to use the tower to provide wireless broadband internet service, which does not qualify as a "personal wireless service facility" under the TCA.  Defendants contend their zoning denial does not constitute a violation of the TCA because their decision does not have the effect of prohibiting service, as there are numerous towers in the area that could be used for wireless broadband internet service.  Plaintiffs contend that their engineers identified a coverage gap in a portion of Colerain Township that only a new tower could remedy, and that had it been possible to locate broadband coverage from other existing towers, they would have done so because it would be cheaper than building a new tower.

**II. Discussion**

At the June 1, 2011 hearing, it became clear to the Court that the principal issue is whether Plaintiffs have standing to bring their Complaint pursuant to the TCA, 47 U.S.C. § 332.  In Defendants' view, because Plaintiffs' tower is intended to provide broadband services, it simply does not fall within the scope of the

TCA.  The Court agrees.

Congress enacted the TCA so as to foster competition and to accelerate the deployment of telecommunications services around the country.  Conference Report, Telecommunications Act of 1996, House of Representatives, 104th Congress, 2d Session, H. Report 104-458 at 1.  A component of the TCA places limitations on local zoning boards, such that local governments cannot unreasonably discriminate among service providers, cannot prohibit or have the effect of prohibiting the provision of personal wireless services, cannot fail to act in a timely manner, and cannot deny a request to provide services without substantial evidence.  47 U.S.C. § 332(c)(7)(B).  The statute covers "personal wireless services," which it defines in relevant part as "commercial mobile services."  47 U.S.C. § 332(c)(7)(C).

In 2007, the Federal Communications Commission issued a Declaratory Ruling[2] in which it found that mobile wireless broadband Internet access is not a "commercial mobile service" under the TCA.  Under such ruling, the TCA simply does not apply to broadband information service.  Such understanding has been found by the Tenth Circuit, WWC World Holding Co, Inc. v. Sopkin, 488 F.3d 1262, 1274 (10th Cir. 2007)("The FCC found that VoIP services are internet services, and that Congress specifically intended internet services to be treated differently than either mobile

---

[2]In the Matter of Appropriate Regulatory Treatment for Broadband Access to the Internet Over Wireless Networks, 22 F.C.C.R. 59001 (FCC) 2007 WL 1288052.

communications or traditional wireline services"), and the Court finds no authority to the contrary.

In their briefing and at the hearing, Plaintiffs argue that the TCA does apply to broadband communication based on a subsequent 2009 FCC Declaratory Ruling,[3] which Plaintiffs contend signals a change in the FCC's view, such that broadband communication should be entitled to protection under the TCA. However, the Court has scrutinized such opinion, and agrees with Defendants that it does not overrule the 2007 ruling, nor does it hold that wireless broadband communication services are covered by the TCA. Although the 2009 Declaration speaks in favor of broadband in dicta, it in no way states that broadband communications are encompassed by the TCA.

The Court agrees that with advances in technology broadband internet access can provide substantially similar, and even superior communication services to those available by cell phones and land lines. It certainly makes sense as a policy objective for broadband services to have protections under the law equivalent to that provided by the TCA. However, as laudable as such goal may be, the Court finds this is a case where the law has not kept up with changes in technology. Under such a circumstance it is not up to the FCC to construe the TCA to say something it

---

[3]In the Matter of Petition for Declaratory Ruling to Clarify Provisions of Section 332(c)(7)(B) to Ensure Timely Sitting Review and to Preempt Under Section 253 State and Local Ordinances that Classify All Wireless Sitting Proposals as Requiring a Variance, 24 FCC Rcd 13994, 14007.

does not say, nor up to the Court to find broadband communication encompassed by the law.  It is up to Congress to act.

### III. Conclusion

Because Plaintiffs cannot seek redress under the TCA for the denial of their conditional use application to install the broadband Monopole, they lack standing.  Although Plaintiffs made some very compelling arguments in their briefing and at the June 1, 2011 hearing regarding their appeal of the zoning decision, the Court does not find it appropriate to rule on the appeal.  As Plaintiffs' only federal jurisdictional "hook," was their TCA claim, the Court finds it appropriate to dismiss without prejudice their supplemental state law appeal of the zoning decision.

Accordingly, the Court GRANTS Defendants' Motion for Partial Summary Judgment (doc. 26), DENIES  Plaintiffs' Motion for Summary Judgment (doc. 27), AND DISMISSES this matter without prejudice.

SO ORDERED.


Dated:   June 21, 2011           /s/ S. Arthur Spiegel            
                                 S. Arthur Spiegel
                                 United States Senior District Judge